**EDITH BARKER, "PRO SE"**
491 N 1100 E
Bountiful, UT 84010
erbark@hotmail.com
Telephone: (801) 243-7706

*Appearing "PRO SE"*

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUN 1 5 2018

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

RECEIVED CLERK

JUN 0 1 2018

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDITH BARKER,<br><br>    Plaintiff,<br>v.<br><br>**UTAH ATTORNEY GENERAL,**<br>**and the STATE OF UTAH,**<br><br>    Defendants. | **COMPLAINT**<br><br>(Jury Requested)<br><br>Case: 1:18-cv-00061<br>Assigned To : Campbell, Tena<br>Assign. Date : 6/1/2018<br>Description: Barker v. Utah Attorney General, et al |

Plaintiff Edith Barker ("Plaintiff") hereby complains against Utah Attorney General (UAG): Sean Reys, UAG Civil Department and Litigation Section: Bridget Romano, Brian Tarbet, Joni Jones and Timothy Evans; UAG Criminal Department and Investigations Section: Spencer Austin, Leo Lucey (Amanda Smith, Rusty Lundberg, Craig Jones, Phil Goble, Debbie Cragun, Dana Powers and Greg Hargis—as investigators utilized by UAG--and Utah), and the State of Utah: Governor Gary Herbert (the State of Utah, the Utah Attorney General, UAG Divisions, UAG Sections, and UAG Investigators will collectively be referred to as "Defendants") as follows:

## NATURE OF THE CLAIMS

1. This is an action for injunctive relief and damages under: 1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) *et seq.*, ("Title VII"), for retaliation; and 2) 42 U. S. C. § 1983 for violation of Ms. Barker's rights under both the Equal Protection Clause and the First Amendment to the U.S. Constitution. The State of Utah, UAG and UAG Divisions, UAG Sections, and UAG Investigators intentionally chose to create and foster a hostile work environment. Defendants retaliated when Plaintiff complained in good faith internally to Cease and Desist Intimidation and Hostile Environments and Defendants retaliated against Ms. Barker for her on-going suit in the United States District Court--District of Utah--Central Division to oppose unlawful gender based hostile work environment and unlawful retaliation against Ms. Barker. Ms. Barker brought her previous civil suit against the State of Utah, Department of Environmental Quality (DEQ) and Division of Radiation Control (DRC). The UAG representing the DEQ, DRC and the State of Utah, implemented hostility, intimidation, and increased scrutiny.

2. Plaintiff seeks all available equitable relief, damages, attorney fees, cost and interest, and punitive damages.

## PARTIES

3. Edith Barker is an adult female, competent to bring this action, a citizen of the State of Utah and a resident of Davis County, State of Utah.

4. Defendant's the State of Utah, UAG, UAG Departments, UAG Sections, and UAG Investigators are the State of Utah, the Utah Attorney General's Office, Utah Attorney General Civil Department, Utah Attorney General Litigation Division, Utah Attorney General

Criminal Department, Utah Attorney General Investigations Division, and Utah Attorney General Investigators.

5.  At all relevant times, the Defendants were acting for her "employer," the State of Utah, within the meaning of §701(f) of Title VII.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to the provisions of Title VII, 42 U.S.C. § 2000e-5 *et seq.* of the Civil Rights Act as amended, and pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

7.  Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) because all of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah and the claims arose in Salt Lake County, State of Utah.

8.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has otherwise exhausted her administrative remedies within the meaning of Title VII. *See* Charge, attached as Exhibit A.

9.  The EEOC issued Plaintiff a Notice of Right to Sue on February 28, 2018. Plaintiff has filed this Complaint within ninety (90) days of receiving the Notice of Right to Sue. *See* Notice, attached as Exhibit B-1 and Envelope B-2.

## FACTUAL BACKGROUND

10.  Ms. Barker began working for the State of Utah in September 1990. She started working for the Utah Department of Environmental Quality in 1995, and has worked there

until 2015. She has worked for the Department of Radiation Control for almost 15 years. She has worked for the State of Utah for almost 23 years.

11. In July of 2001 Utah promoted Ms. Barker to Environmental Program Coordinator in the Utah Division of Radiation Control. She has worked for the Division of Radiation Control for almost 15 years.

12. At all times Ms. Barker performed her duties in an exemplary and outstanding manner.

13. In addition to performing her assigned duties, Ms. Barker was engaged in many other activities which benefitted the State of Utah, and its people. These activities and awards of recognition include the following:

    a. At least twice, Edith Barker was awarded recognition of her outstanding contribution to the State of Utah by Dianne R. Nielson, former Executive Director of the Department of Environmental Quality (DEQ), for her accomplishments above and beyond those expected in her regular job requirements. Ms. Barker's example symbolized for the Department the high standards of commitment and dedication of DEQ employees.

    b. Edith Barker was awarded the Department of Environmental Quality's Hall of Fame-White Hat Award for working with hundreds of companies and explaining the Utah Generator Site Access (GSA) Program to them, and for maintaining the GSA inspection and compliance records.

  c. Edith Barker has been awarded Certificate of Service Awards from the DEQ for both 10 years and 15 years of devoted and dedicated service rendered the citizens of the State of Utah.

  d. Edith Barker was awarded a monetary incentive award and administrative leave for managing both the Division of Radiation Control (DRC) and the Department of Environmental Quality's web sites. This was an exceptional effort by Ms. Barker to assist DEQ in maintaining its web site while completing all of her duties as a DRC employee. Ms. Barker had two jobs during that time period, and she had two Directors for bosses. She handled the workload graciously. The Department's situation was compounded by the fact that a new DEQ website had been launched, prior to Ms. Barker's assuming these duties--she had many, many errors to correct because the website had not been properly QA/QC'd before its launch. This was an exceptional effort by Ms. Barker above her regular duties, and Ms. Barker performed exceptionally well. She saved DEQ from the embarrassment of an error laden web site.

  e. Dane Finerfrock, former DRC Director, awarded Edith Barker with a DEQ Quality "On-The-Spot" Award for submitting a winning essay for the Governor's "Lights-Out" Campaign.

  f. Craig W. Jones, DRC Manager, awarded Edith Barker with a DEQ Quality "On-The-Spot" Award for the exceptional customer service and dedicated effort she provided to the Radioactive Materials Licensing effort.

g. Craig W. Jones, DRC Manager, awarded Edith Barker with a DEQ Quality "On-The-Spot" Award for the outstanding support and service she gave to the annual registration of more than two thousand x-ray facilities.

h. Leah Ann Lamb, former PPA Director, awarded Edith Barker with a DEQ Certificate of Administrative Leave for maintaining DEQ's web site for nearly 3 months in addition to her DRC duties.

i. Edith Barker was awarded with a DEQ Quality "On-The-Spot" Award for help with "Bring Your Child to Work Day."

j. Dane Finerfrock, former DRC Director, awarded Edith Barker with a DEQ Quality "On-The-Spot" Award for her participation and efforts in the GSA workshop.

k. Jodie Swanson awarded Edith Barker with a DEQ Quality "On-The-Spot" Award for her terrific job on the DEQ summer picnic.

l. Dane Finerfrock, former DRC Director, awarded Edith Barker with a DEQ Quality "On-The-Spot" Award for her terrific customer service.

m. Edith Barker organized and implemented the Eat Smart Move Smart campaign for the Department and the Division. Ms. Barker represented the Division on the East Smart Move Smart committee. DEQ employees were assisted with healthy ideas and goals, and in the development of individualized paths toward healthier lifestyles and in obtaining optimal personal health.

n. Edith Barker spear headed the adoption of a portion of the Jordan River through the Department of Water Quality's (DWQ) Adopt a Water Body Program,

and organized a major clean-up of the DWQ's newly adopted section of river with DWQ staff.

      o.     Edith Barker has successfully completed all training offered to her in her efforts to serve the People of Utah and her employer such as the Introductory Health Physics Course H-117 offered by the United States Nuclear Regulatory Commission; "DEQ 101" in the DEQ Leadership Series; and Dreamweaver MX Levels 2 and 3 etc.,

## FIRST CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

1.     The Defendants knowingly violated their own policies and administrative rules R477-2-3 and R477-15 as well as knowingly violating those of the United States Title VII in intimidating and retaliating against Ms. Barker through increased scrutiny by Utah's UAG. The persons acting as the Defendants Investigators (UAG) were: Amanda Smith, Rusty Lundberg, Craig Jones, Phil Goble, Debbie Cragun, Dana Powers and Greg Hargis—they retaliated while Ms. Barker had a pending civil rights and first amendment suit against the Utah Department of Environmental Quality (UDEQ) and the Utah Division of Radiation Control (UDRC), and the State of Utah. Amanda Smith, Rusty Lundberg and Craig Jones were specifically named in Ms. Barker's on-going civil suit.

2.     The Defendants used investigations by persons named in Ms. Barker's on-going civil suit—hence the investigations were made in bad faith. The investigators increased their scrutiny, intimidation, and retaliation against Ms. Barker. The Defendants Investigators specifically named in Ms. Barker's on-going suit were: Amanda Smith, Rusty Lundberg, and

Craig Jones. Amanda Smith, Rusty Lundberg, (and Utah—the Defendants) had final agency action for Ms. Barker. Rusty Lundberg did use the increased scrutiny against Ms. Barker by the Defendants to recommend eliminating Ms. Barker's position--and his recommendation did result in the termination of Ms. Barker's employment. Amanda Smith upheld and implemented the termination of Ms. Barker's employment.

3. Ms. Barker felt intimidated to drop her suit and/or leave her employment.

4. In sworn testimony in Ms. Barker's 2015 Utah Career Service Review Office hearing (CSRO), Greg Hargis, Utah Department of Human Resource Management (UDHRM), and Craig Jones, Utah Division of Radiation Control (UDRC-UDEQ), stated there was scrutiny by the Defendants through UDRC-UDEQ--and investigations/scrutiny by UDRC-UDEQ for the Defendants were compiled and held for the Defendants by UDHRM. Those having access to investigation and compilation: Amanda Smith, Rusty Lundberg, Brad Johnson, and Dana Powers were pivotal in the selection of personnel to consider for reduction in force and in the arbitrary-criteria used for the Workforce Adjustment Plan.

5. The Defendants justified increasing their investigation, scrutiny, and intimidation of Ms. Barker, as per Craig Jones CSRO testimony, anytime Ms. Barker brought up past gun violence against her, past vehicular-reckless endangerment, past intimidation of witnesses by Mr. Jones-himself, opposed past sexual innuendos and unlawful indecent exposure by employees, reported work sabotage, or reported intimidating comments by employees--such as: "Murder Is Nice;" "Lucky I Let You Live;" or opposed any scrutiny and intimidation of Ms. Barker by Mr. Jones, himself.

6. The Defendants were biased in their investigation of the retaliation against Ms. Barker. They neither investigated any of those named by Ms. Barker; nor, did they investigate instances of retaliatory harm (which included retaliation, obstruction, and intimidation by Craig Jones). The Defendants only investigated Ms. Barker, the victim.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Edith Barker's First Amendment Rights in Violation of 42 U.S.C.§1983.)

7. The Defendants demonstrated antagonism toward Ms. Barker's sincerely-held beliefs and her constitutional right to speak about her mistreatment and oppose her harm through her on-going civil suit. The Defendants ridiculed her work and increased her work (more than any other employee previously tasked with registering over 6,000 x-ray machines within the state of Utah). In addition, the Defendants increased their scrutiny of Ms. Barker more than any employee in the Division. Rather than an unbiased investigation, the Defendants investigated only the victim, Ms. Barker. The Defendants intimidated the victim with loss of her job. The Defendant's selected Craig Jones, Rusty Lundberg and Amanda Smith—named in her suit--to investigate Ms. Barker (in addition none of the perpetrators were investigated by the Defendants. Indeed, Craig Jones, himself, a person Ms. Barker named in complaint, was tasked by the Defendants to intimidate, investigate and harass Ms. Barker. The Defendants behavior created a "chilling effect" on Ms. Barker's ability to practice her First Amendment Rights in the workplace and in her civil suit. Ms. Barker was continually placed in the untenable position of either (1) abandoning her civil suit and/or her

job, or (2) going forward with her suit and being subjected to mockery, increased work scrutiny, intimidation, and being portrayed in a false light that placed her job standing in jeopardy.

8. Plaintiff incorporates by reference all allegations contained above.

9. As set forth above, the Defendant and their Investigators retaliated against Edith Barker after she had filed suit; had a pending civil suit about the gender based mistreatment and previous retaliation that she experienced. Defendants' adverse actions against plaintiff were substantially motivated by civil suit.

10. Plaintiff's complaints constituted protected speech as they involved a matter of public interest and they did not disrupt the providing of public services by the Department or the State.

11. The adverse actions against Edith Barker were taken by officials of the Utah Attorney General's Office through their investigators: the Division and Department of Environmental Quality who had final policy making authority. Or if they did not have such authority, the Defendants are still liable as the State of Utah Officials were knowingly involved in retaliatory conduct.

12. Defendants' conduct violated clearly established constitutional rights of free speech of which a reasonable person should have and know. The Defendants, the Utah Attorney General's Office, would have a higher standard of knowledge of constitutional rights of free speech.

13.  Plaintiff has suffered and will continue to suffer losses and damages as a result of the Defendants' conduct. Edith Barker is entitled to injunctive relief, damages, and attorney fees and costs. She is also entitled to compensatory damages.

## JURY TRIAL REQUESTED

Plaintiff requests a jury trial on all issues raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.  Back pay and benefits, in amounts to be determined at trial;

b.  Compensatory and consequential damages;

c.  Punitive damages;

d.  Injunctive and/or declaratory relief;

e.  Pre-judgment and post-judgment interest at the highest lawful rate;

f.  Attorneys' fees and costs of this action, including expert witness fees, as appropriate; and

g.  Any such further relief as the Court deems just and proper.

Dated this 31st day of May, 2018

**EDITH BARKER, "PRO SE"**

*Edith Barker*

/s/   Edith Barker
**Edith Barker, "PRO SE"**