IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| EDITH BARKER,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH ATTORNEY GENERAL and the STATE OF UTAH,<br><br>Defendants. | ORDER<br>and<br>MEMORANDUM DECISION<br><br>Case No. 1:18-cv-61-TC-BCW |

Defendants Utah Attorney General[1] and the State of Utah have moved to dismiss the complaint of pro se Plaintiff Edith Barker, who is a former employee of the State of Utah. Ms. Barker asserts a claim under 42 U.S.C. § 1983 for violation of her civil rights and a claim of employer retaliation in violation of Title VII of the Civil Rights Act. Defendants seek dismissal because § 1983 does not extend to states. They also assert that Ms. Barker's Title VII claim is time-barred.

Ms. Barker, in response to the Defendants' motion, conceded that the State of Utah and the Utah Attorney General in his official capacity are not subject to suit under § 1983. Accordingly, she proposed to amend her complaint to remove them as a parties. She attached a

---

[1] Although Ms. Barker does not state that the Utah Attorney General is sued in his official capacity (which is essentially suing the State of Utah), the court assumes that was the intent of her complaint.

1

copy of that proposed amended complaint to her opposition brief. In that proposed amendment she lists a new set of individual defendants. But she did not file a motion to amend, which is the proper procedure for getting permission to file a new complaint.

During the May 8, 2019 hearing, the parties agreed that the § 1983 claim against the State of Utah and the Utah Attorney General in his official capacity should be dismissed. They discussed the Title VII claim. And they notified the court that Ms. Barker has filed two related cases in this district.[2] The Defendants have not moved for consolidation but are considering doing so. Ms. Barker said she would not object to consolidation. A motion to consolidate should be filed before the judge assigned to the lowest case number (in this case, 1:18cv60) who would receive all of the consolidated cases if the motion is granted. Although this court recommends consolidation, that decision lies with the other judge.

In the meantime, the court must rule on the motion to dismiss.

**§ 1983 Claim**

For the reasons set forth in the Defendants' motion and given Ms. Barker's concession, the court dismisses the § 1983 claim against the State of Utah and the Utah Attorney General.[3]

**Title VII Claim for Retaliation**

A person bringing a Title VII claim must demonstrate that she has filed her claim with the EEOC or appropriate state agency within the applicable time frame.[4] Defendants contend

---

[2] See Barker v. Utah Department of Human Resource Management, Case No. 1:18-cv-60-JNP-BCW; Barker v. Smith, Case No. 1:18-cv-68-DB-BCW.

[3] That said, Ms. Barker has since filed a motion to amend her complaint in which she requests leave to add a § 1983 claim against different defendants. Her motion is now pending before the magistrate judge assigned to this case. Whether she can bring a different § 1983 claim has yet to be decided.

[4] "While Title VII's mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite (and is thus subject to waiver, estoppel, and tolling when equity requires), the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a

that Ms. Barker's Title VII claim is time-barred because she did not file her claim within 300 days (the statutorily imposed time limit) of the date she was notified she would be fired as part of a reduction-in-force decision – i.e., April 22, 2015. That date, say the Defendants, is the date from which the 300 days should be measured. Ms. Barker contends that the date she stopped working as a result of her employer's decision—i.e., May 20, 2015—is the date from which the 300 days should be measured. But the trigger date is the day she first learned of the decision to fire her, not the day she actually left the job. Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 628 (2007) (time limitation period begins when the "decision was made and communicated" to the claimant); see also Hulsey v. Kmart, Inc., 43 F.3d 555 (10th Cir. 1994) ("A cause of action accrues under the [analogous statute ADEA] on the date the employee is notified of an adverse employment decision. Generally, an employee is notified of an adverse employment action when a particular event or decision is announced by an employer."); Davidson v. AOL, Inc., 337 F.3d 1179, 1187 (10th Cir. 2003) (citing Hulsey in ADA case).

Because Ms. Barker was notified of her termination on April 22, 2015, she was required to file her claim with the agency no later than February 16, 2016. From the papers before the court, it is not clear when Ms. Barker filed her claim. The parties point to three different dates to measure whether Ms. Barker filed a timely claim with the agency.

The first date is her official EEOC Charge of Discrimination, attached to her complaint. It is dated June 10, 2016, clearly outside the 300-day limitation period.

The second is a February 19, 2016 email response from the EEOC confirming "receipt of the documentation" she submitted to the office. That date was noted for the first time in Ms.

---

burden for plaintiffs to carry." Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1167 (10th Cir. 2007).

Barker's opposition to the Motion to Dismiss, to which she attached a proposed Amended Complaint. The email is not the claim itself, and it does not identify the date the information was received by the agency. But if it is the claim, it misses the 300-day deadline by three days.

The third date is presented in Ms. Barker's opposition to the Motion to Dismiss, in which she says she filed her claim with the agency "on or about February 12, 2016." (ECF No. 18.) That date is four days before expiration of the time period.

On the face of the complaint, Ms. Barker's Title VII claim is time-barred. But she proposes an amendment that potentially remedies the time-limitation problem (the "on or about February 12" language). The problem is that she does not attach of a copy of the EEOC claim and does not affirmatively allege a specific date that falls before February 16, 2016. In other words, with only four days of wiggle room, her ambiguous "on or about" language is not sufficient to satisfy her burden. Moreover, that allegation is not in the proposed complaint – she presents it in her opposition brief.

Because Ms. Barker is pro se, the court will allow her to file a motion to amend in an attempt to satisfy her burden. She must precisely identify the date she filed her claim with the agency. In the meantime, the court dismisses her claim without prejudice, which will allow her the opportunity to fix the pleading deficiency.

**ORDER**

For the reasons set forth above, the court GRANTS the motion to dismiss (ECF No. 12) as follows:

1. Claim One (the § 1983 claim against the State of Utah and the Utah Attorney General in his official capacity) is dismissed with prejudice.

2. Claim Two (the Title VII claim) is dismissed without prejudice.

If Ms. Barker is able to state a proper claim in her proposed amended complaint (a motion is pending before the magistrate judge), the court will not dismiss the case.

SO ORDERED this 24th day of May, 2019.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge