IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDITH BARKER,<br><br>                      Plaintiff,<br><br>vs.<br><br>UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY, AMANDA SMITH, BRAD JOHNSON, and RUSTY LUNDBERG,<br><br>                      Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:18-cv-61-TC-CMR |

Pro se plaintiff Edith Barker, in her Amended Complaint, asserts that when she was an employee of Defendant Utah Department of Environmental Quality (DEQ), the Defendants (both the agency and individuals at the agency) retaliated against her for filing a previous lawsuit against them. This, she says, violated her rights under Title VII of the Civil Rights Act, 42 U.S.C. § 1983, and the Americans with Disabilities Act (ADA).

Defendants have filed a motion to dismiss the Amended Complaint on numerous grounds, including failure to comply with a court order granting a limited right to amend the complaint, failure to exhaust administrative remedies, failure to file a timely Title VII claim, failure to properly plead her § 1983 claim, qualified immunity for the individual defendants, and collateral estoppel.

1

For the reasons set forth below, the Motion to Dismiss is GRANTED.  The court finds that Ms. Barker's Title VII claim against the DEQ must be dismissed for failure to exhaust administrative remedies and because it is time-barred.  Her § 1983 claim against the individual supervisors fails to state a claim upon which relief can be granted.  And her ADA claims are improper because they go beyond the scope of the court's June 25, 2020 Order granting a limited right to amend the complaint.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

Ms. Barker is a former employee of the Utah Division of Waste Management and Radiation Control, which is a division of the DEQ.  The individual Defendants were either direct or indirect supervisors of Ms. Barker (their relationship to her in the chain of supervisors at the agencies is not entirely clear).  Amanda Smith was the Executive Director of the DEQ, Brad Johnson was the DEQ Deputy Director, and Rusty Lundberg was the Division Director of Radiation Control.

This lawsuit arises out of what Ms. Barker believes were actions designed to retaliate against her for filing a lawsuit in 2013 against the DEQ and several DEQ employees, including the individual Defendants here.  (See Barker v. Dep't of Envtl. Quality, et al., 1:13-cv-89-CW (D. Utah) ("the 2013 Case").)

Ms. Barker filed her original complaint in this case (ECF No. 3) on June 1, 2018.  She listed the Utah Attorney General and the State of Utah as defendants and asserted both a Title

---

[1] See June 25, 2020 Order, ECF No. 35. In addition to limiting Ms. Barker's claims to Title VII and § 1983, the order prohibited Ms. Barker from bringing claims against any individual other than Amanda Smith, Brad Johnson, and Rusty Lundberg. Defendants suggest that allegations in the body of the Amended Complaint improperly assert claims against other individuals. Because those individuals are not listed in the caption of the Amended Complaint, the court finds she has not named them as parties. Indeed, Ms. Barker clarifies that issue in her opposition memorandum. (See Pl.'s Response to Defs.' Mot. Dismiss at 2, ECF No. 39.)

VII claim and a § 1983 claim. On May 24, 2019, the court dismissed her § 1983 claim with prejudice (sovereign immunity barred the claim) and the Title VII claim without prejudice (she was given another chance to establish timely exhaustion of administrative remedies). (See May 24, 2019 Order & Mem. Decision, ECF No. 23.) When the court ruled on her subsequent motion for leave to amend, it granted limited permission. She was only allowed to name the DEQ and three individuals as defendants, and she was only allowed to assert Title VII and § 1983 claims.[2] (June 25, 2020 Order at 5, ECF No. 35.)

Following that order, Ms. Barker filed her Amended Complaint on July 15, 2020, changing the list of defendants to the DEQ, Ms. Smith, Mr. Johnson, and Mr. Lundberg. She alleges that those Defendants retaliated against her "by engaging in [a series of] hostile activities," including termination of her job through a reduction in force (RIF), that "bore no relationship to any legitimate workplace objectives and were purely motivated by a retaliatory animus due to Ms. Barker's legal proceedings[.]" (Am. Compl. ¶ 15, ECF No. 36.) Defendants now ask the court to dismiss the Amended Complaint.

## ANALYSIS

**Standard of Review**

Rule 8 requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the plaintiff fails to satisfy this "notice pleading" requirement, she may be subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

---

[2] In that order, the court acknowledged Defendants' argument that Ms. Barker's Title VII claim against newly-added DEQ was untimely, but the court declined to consider that argument because the relation-back rule had not been briefed. (June 25, 2020 Order at 4, ECF No. 35.) Instead, the court invited the Defendants to raise that issue in a subsequent motion to dismiss, which they have done here.

granted.

When reviewing Defendants' Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe them in a light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The United States Supreme Court emphasized that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

To avoid dismissal, a plaintiff must state a facially-plausible claim containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

Because Ms. Barker is proceeding pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court must not assume the role of advocate on behalf of a pro se litigant. Id. And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**ADA Claims**

In the court's order granting Ms. Barker limited leave to file an amended complaint, she was only allowed to file claims under Title VII and § 1983. (See June 25, 2020 Order at 5, ECF

No. 35.) Ms. Barker concedes that the ADA claims were not permitted. (See Pl.'s Response to Defs.' Mot. Dismiss at 2, ECF No. 39.) For these reasons, the court dismisses Ms. Barker's third and fourth causes of action.

**Title VII Claim Against the DEQ**

The DEQ asserts that the court must dismiss the Title VII claim because Ms. Barker failed to exhaust her administrative remedies. It also argues that her late addition of the DEQ as a defendant is untimely because the amendment does not relate back to the date of the original complaint. The court agrees.

### 1. Relation Back of the Amendment

Ms. Barker first listed DEQ as a defendant on July 15, 2020, when she filed her Amended Complaint. The statute of limitations for a Title VII claim is 90 days and is measured from the date the plaintiff received her Notice of Right to Sue. Witt v. Roadway Express, 136 F.3d 1424, 1429 (10th Cir. 1998) (citing 42 U.S.C. § 2000e-5(f)(1)). Ms. Barker's Notice is dated February 28, 2018. ("Dismissal and Notice of Rights," Ex. B-1 to Compl., ECF No. 3-2.) Accordingly, to comply with the filing time, Ms. Barker should have listed DEQ as a defendant no later than May 29, 2018.

Because she did not, her claim is time-barred unless she can rely on the relation-back doctrine, which is set out in Federal Rule of Civil Procedure 15(c):

> An amendment to a pleading relates back to the date of the original pleading when … the amendment <u>changes the party or</u> <u>the naming of the party</u> against whom a claim is asserted … if, within the period provided by Rule 4(m) for serving the summons and complaint [i.e., 90 days], the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) <u>knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity</u>.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).

5

DEQ points to the second element, stating that it neither knew nor should have known that it would have been named in the original Title VII claim "but for a mistake concerning" its identity. Based on the record and procedural history of Ms. Barker's claims, the court agrees.

The procedural history of Ms. Barker's claims is not limited to this case. She also litigated two parallel cases in the District of Utah, one of which was originally brought against the DEQ.

Specifically, in June 2018, Ms. Barker filed three separate suits against numerous State of Utah entities and employees, all of which arose out of the termination of her employment and all of which asserted Title VII, § 1983, and ADA claims. One of those cases is the one now before the court. The other two cases were dismissed in 2020.³ Ms. Barker's management of her complaint in one of those cases—Barker II— shows she was not mistaken about DEQ's identity here.

In Barker II (Barker v. Utah Dep't of Envtl. Quality, 2:18-cv-68-DB, D. Utah), Ms. Barker alleged the very same events and wrongs. (Cf. June 14, 2018 Compl. in Barker II ECF No. 3 to July 15, 2020 Am. Compl. ECF No. 36.) She initially named the State of Utah and the

---

³ On the same day Ms. Barker filed this case, she filed an almost identical complaint focusing on the same events she alleges in this case, i.e., retaliation (hostile work environment and termination of employment) for filing the 2013 lawsuit. (See Barker v. Utah Dep't of Human Res. Mgmt., 2:18-cv-60-JNP, D. Utah (Barker I).) There she brought claims for violation of Title VII, 42 U.S.C. § 1983, and the ADA against the Utah Department of Human Resources Management and the State of Utah. She later amended her complaint, dismissing the State of Utah and UDHRM. In a subsequent amendment, she brought a Title VII claim against state employees named in their official capacities. In May 2020, the court dismissed Ms. Barker's Title VII claim after addressing a similar "relation back" argument. (See May 27, 2020 Order Adopting R. & R. and Granting Mot. Dismiss, ECF No. 53 in Barker I.) The court held that Ms. Barker's attempt to list the individuals in their official capacities (in other words, to add the state agencies they represented) would not relate back to her initial complaint under Rule 15(c) because "the court [had] no reason to believe she brought her Title VII [*sic*] against the State of Utah and UDHRM due to a mistake concerning the proper parties' identities." (Id. at 18.)

6

DEQ as defendants. But on May 17, 2019, she amended her complaint by removing the State of Utah and the DEQ, and adding individual defendants, including then-Governor Gary Herbert and workplace supervisors. (See Am. Compl. in Barker II ECF No. 30.) Ultimately, on June 16, 2020, the court dismissed the case because Ms. Barker was not allowed to bring Title VII or ADA claims against individual defendants and because her allegations asserting a § 1983 claim did not state a claim upon which relief could be granted. (See June 16, 2020 Order Adopting R. & R. in Barker II ECF No. 53 (adopting Magistrate Judge Romero's Feb. 13, 2020 R&R, ECF No. 44).)

There is no question that Ms. Barker knew how to name DEQ in her retaliation claim many months before she actually added DEQ in this case. Accordingly, the court finds that naming DEQ as a defendant in this suit two years later was not based on mistaken identity. Because her amendment does not relate back to 2018, her Title VII claim against DEQ is time-barred.

**2. Exhaustion of Remedies**

Alternatively, even if Ms. Barker's amendment relates back to the date she filed her original complaint, she cannot avoid the fact that her failure to exhaust administrative remedies bars her Title VII claim.

A person bringing a Title VII claim must first file with the Equal Employment Opportunity Commission (EEOC) or appropriate state agency within the applicable time frame.

Defendants contend that Ms. Barker's Title VII claim is time-barred because she did not file her claim within 300 days (the statutorily-imposed time limit) of the date she was notified she would be fired as part of a reduction-in-force decision. Because Ms. Barker received

7

notification on April 22, 2015, she had to file her claim with the EEOC no later than February 16, 2016.

Ms. Barker does not allege in the body of her amended complaint a specific date on which the EEOC received the claim. To establish that important fact, she attaches to her amended complaint a Dismissal and Notice of Rights from the EEOC dated February 28, 2018 (Ex. A-1 to Am. Compl., ECF No. 36-1), a February 19, 2016 EEOC email confirming receipt of her claim (but not stating when the claim was received) (Ex. A-3 to Am. Compl., ECF No. 36-3), a copy of her bank statement showing a FedEx charge on February 12, 2016 (Ex. A-5 to Amend Compl., ECF No. 36-5), and a March 14, 2020 affidavit (Ex. A-4 to Am. Compl. ECF No. 36-4) in which she says, without information providing foundation and personal knowledge, that "the Phoenix EEOC office did receive her complaint on Monday February 15th" ("Certification," Ex. A-4 to Am. Compl., ECF No. 36-4).

Ms. Barker's allegations and documents do not provide the information necessary to allege that she exhausted her administrative remedies. Neither the EEOC Dismissal nor the EEOC confirmation email identify the date the EEOC received the claim. Ms. Barker's bank statement is too ambiguous. It does not identify the purpose of the FedEx charge, and the fact that the charge occurred on February 12, 2016, does not prove the EEOC received her claim on or before February 16, 2016. Finally, she does not explain in her affidavit how she has personal knowledge of the date EEOC received her claim.

"While Title VII's mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite (and is thus subject to waiver, estoppel, and tolling when equity requires), the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry." Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1167

(10th Cir. 2007). With no definitive information that the EEOC received the claim by February 16, 2016, Ms. Barker has not sustained her burden under Rule 8 and Rule 12(b)(6). See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) (noting that courts must strictly adhere to Title VII's procedural requirements, including timely exhaustion of administrative remedies). Accordingly, her Title VII claim must be dismissed.

**1983 Claims Against Individual Defendants**

Ms. Barker alleges that individual defendants Amanda Smith, Brad Johnson, and Rusty Lundberg violated her § 1983 rights by retaliating against her for bring a lawsuit against them in 2013. In their motion to dismiss, they argue the claims must be dismissed because Ms. Barker's allegations are conclusory and do not identify what each individual did to violate her rights.[4]

1. **Allegations**[5]

In the great majority of the Amended Complaint's allegations, Ms. Barker groups the Defendants together when she describes the retaliatory acts, and her descriptions are often general or couched in terms that are nothing more than legal conclusions.

She uses the term "they" or "§ 1983 Defendants" throughout the complaint, often in connection with general assertions of fact or legal conclusions. At the beginning of her complaint, she alleges that "[t]hey subjected her work and her comportment to intrusive, intimidating, and constant increased scrutiny that was materially different from those and other similarly situated circumstances." (Am. Comp. ¶ 15.a.)

---

[4] They also assert qualified immunity and collateral estoppel, but the court does not address those issues because Ms. Barker's pleading is insufficient under Rule 8.

[5] Well-pleaded facts are taken from Ms. Barker's Amended Complaint and treated as true for purposes of the court's analysis under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Legal conclusions are not. Iqbal, 556 U.S. at 678.

Her subsequent allegations are either similarly vague or not tied to a particular defendant. For instance, she says:

- "They assigned her more work and responsibilities than other similarly situated employees and withdrew support and materials needed for her to complete her duties;"
- "§ 1983 Defendants terminated Ms. Barker's employment on May 20, 2015;"
- "§ 1983 Defendants engaged in numerous retaliatory, intimidating, and hostile acts against her;"
- "§ 1983 Defendants initiated retaliatory investigations against Ms. Barker, instead of investigating the perpetrators;"
- "§ 1983 Defendants' hostile, intimidating, and retaliatory acts against Ms. Barker caused a 'chilling effect' on Ms. Barker's ability to engage in her First Amendment rights in the workplace, and in her civil suit;"
- "§ 1983 Defendants' purpose was to cause Ms. Barker serious emotional harm and to cause her to cease her protected activities;"
- "§ 1983 Defendants were motivated against Ms. Barker because of her prosecution of her civil suit;" and
- "§ 1983 Defendants' conduct violated clearly established constitutional rights of free speech to seek redress in a court of law for the harm she suffered, which a reasonable person should have known and know."

(Id. ¶¶ 15.e., 19–21, 23.)

Even when Ms. Barker uses specific names and a few specific facts, she still groups individuals together, some of whom are not even defendants. For instance, she alleges that

> Defendant UDEQ's agents and the § 1983 Defendants Rusty Lundberg, Craig Jones and Phil Goble exponentially increased Ms. Barker's work. For example,

10

>unlike all other similarly situated technicians, <u>they</u> required Ms. Barker to register more then [*sic*] 6,000 x-ray machines over such a short time period that <u>they</u> knew, or should have been aware, it would be impossible for her to complete. Moreover, no other person could have accomplished the task. It was essentially an impossible task that was specifically designed to set Ms. Barker up for failure.

(<u>Id.</u> ¶ 15.e (emphasis added).) She says they (i.e., a group of individuals) ignored her reports of harassing activity and instead improperly investigated her:

>ced <u>Rusty Lundberg, Amanda Smith, Craig Jones, Brad Johnson and the UAG [Utah Attorney General]</u> instigated, supported, and condoned several investigations against Ms. Barker. Whenever Ms. Barker complained of intimidation and inexplicable scrutiny (<u>for example by Rusty Lundberg, Craig Jones, Scott Baird, and Brad Johnson</u>) or death threats due to Ms. Barker filing her suit; in example, a UDEQ employee approached Ms. Barker and told her "Murder is nice:" <u>the DEQ and UAG</u> would use Ms. Barker's complaint to investigate her—<u>they</u> would not investigate those intimidating her with death threats. <u>Utah Department of Human Resource Management (UDHRM) Dana Powers and Greg Hargis</u> compiled and maintained <u>Defendant UDEQ's and the UAG's investigations</u>.

(<u>Id.</u> ¶ 15.b (emphasis added).) And a group of defendants (both individual Defendants and non-defendants) allegedly implemented a RIF which was designed to get rid of her.

>ced <u>Rusty Lundberg, Amanda Smith, Craig Jones, Brad Johnson, Dana Powers, Scott Baird, and Scott Anderson</u> explicitly and implicitly used <u>their</u> power and influence to manipulate and implement an arbitrary reduction in force, which was purposely designed to eliminate Ms. Barker's position, because of her protected activities, free speech, and legal proceedings.

(<u>Id.</u> ¶ 15.d (emphasis added).)

As discussed below, these conclusory and bundled allegations do not satisfy the pleading standards applicable to a § 1983 claim against her numerous supervisors.[6]

---

[6] In Defendants' motion to dismiss, they supplement Ms. Barker's factual allegations with a transcript of sworn witness testimony given during the November 2015 Utah Career Service Review Office (CSRO) administrative hearing addressing Ms. Barker's retaliation claims. (<u>See, e.g.,</u> Mot. Dismiss at 2 n.1, 12 n.35.) With few exceptions, a court may not rely on allegations or material outside the complaint when evaluating a motion to dismiss. "Generally, the sufficiency of a complaint must rest on its contents alone. … There are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference [or that are] attached as exhibits to the complaint; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the

11

## 2. Failure to Allege a § 1983 Claim

To allege a § 1983 claim of retaliation for exercising First Amendment rights against a supervisor, a plaintiff must state that (1) she was engaged in constitutionally protected activity; (2) the defendant's actions caused her to suffer an injury that would chill a person from continuing to engage in that activity; and (3) the defendant's adverse action was substantially motivated to respond to the plaintiff's exercise of constitutionally protected conduct. Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007); Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000). Because § 1983 does not impose vicarious liability, a plaintiff must allege that the supervisor was personally involved in the retaliatory conduct and that he had a culpable motivation. Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir.

---

documents' authenticity; and (3) matters of which a court may take judicial notice." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal citations omitted). None of those exceptions apply here. First, Ms. Barker did not attach any portion of the transcript to her Amended Complaint and the body of her complaint does not expressly incorporate the transcript by reference. At most, Ms. Barker alleges that at the hearing, "Greg Hargis, Utah Department of Human Resource Management (UDHRM), and Craig Jones, Manager-Utah Division of Radiation Control (UDRC-UDEQ), stated there was increased scrutiny of Ms. Barker, through UDRC-UDEQ and the Utah Attorney General (UAG)." (Am. Compl. ¶ 15.a.) That single allegation does not give the court sufficient reason to consider the substance of the sworn testimony. Second, the transcript is not a central part of Ms. Barker's claims (as opposed to, for example, a written agreement, which would be central to a breach of contract claim). Third, the court may not take judicial notice of the transcript in the way Defendants advocate. While the court may take notice that the hearing occurred and that a transcript of testimony was created, it may not take notice of the content of the testimony or assume its truthfulness. See, e.g., Johnson v. Spencer, 950 F.3d 680, 705–06 (10th Cir. 2020) (courts may not take judicial notice of the content of court records for truth of the matters they assert); Continental Coal, Inc. v. Cunningham, 511 F. Supp. 2d 1065, 1071 (D. Kan. 2007) (taking judicial notice of hearing and its transcript but only admitting the transcript "for the purpose of establishing that various allegations and statements were made and that the hearings took place, not for the truth of the allegations or statements"). For these reasons, the court will not consider the transcript. Instead, the court will determine whether Ms. Barker's complaint fails to state a claim based solely on the content of her allegations.

2013).

In the 2008 case of Robbins v. Oklahoma, where the defendants challenged plaintiff's § 1983 claim with a motion to dismiss, the Tenth Circuit reiterated that

> "[c]ontext matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case." [Phillips v. County of Allegheny, 515 F.3d 224, 239–40 (3d Cir. 2008).] In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state. See [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565 n.10 (2007).]

519 F.3d 1252, 1249–50 (10th Cir. 2008). There the Tenth Circuit found the plaintiff had not alleged a § 1983 claim against individual defendants because the "complaint fail[ed] to isolate the allegedly unconstitutional acts of each defendant, and thereby [did] not provide adequate notice as to the nature of the claims against each." Id. at 1250. The Robbins court granted the individual defendants' motion to dismiss because,

> [g]iven the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

Id. (emphasis added).

Just as the unsuccessful plaintiff did in Robbins, Ms. Barker does not distinguish in her complaint which acts are attributed to each defendant. As described above, most allegations are conclusory and connected only to generic or broadly-defined groups of defendants. To the extent some specificity can be gleaned from the complaint, and it is very limited, the allegations are difficult to track and do not, on their own, state any claim of wrongdoing. For instance, although she provides the Defendants' titles, she does not identify or describe each Defendant's supervisory role over her. Her descriptions of "investigations" and "scrutiny" are confusing,

13

vague, or not connected to any particular person. And the timeline of events is difficult to determine. All of this makes for a complaint that lacks sufficient notice to the individual defendants.

Although the court is mindful of Ms. Barker's pro se status, neither the court nor the defendants must sort through her mix of allegations and connect the dots in order to determine the nature of her claim against each person. Having reviewed the Amended Complaint in its entirety, the court finds that Ms. Barker has not sufficiently alleged facts showing what each individual did to violate her rights. Accordingly, her § 1983 claim against Ms. Smith, Mr. Johnson, and Mr. Lundberg is dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## **ORDER**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 37) is GRANTED.

DATED this 26th day of January, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge